## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **ERIN LYNCH, DAVID DesROCHES, AND DEBORAH GAUTHIER, Individually and on behalf of all other similarly situated individuals,** | : : : : : | |
| | : | **Civil Action No.:  3:12-CV-00831 (JCH)** |
| Plaintiffs, | : : | |
| v. | : : | |
| | : | |
| **MAIN STREET CONNECT, LLC D/B/A THE DAILY VOICE, TRINET HR CORP., CARLL TUCKER, and JANE BRYANT QUINN,** | : : : : : | **AUGUST 28 2013** |
| Defendants. | : : | |

### ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT

The Parties jointly moved for an order preliminarily approving a settlement of the above-captioned Fair Labor Standards Act ("FLSA") collective action and Rule 23 Connecticut Minimum Wage Act ("CMWA") Class. Consequently, the Court considered the Settlement Agreement, the memorandum of law in support of the parties' joint motion for approval of the collective action settlement along with the submissions of counsel attached thereto, and all other papers filed in this action.  The matter having been submitted and good cause appearing therefore:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. All defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement executed by the Parties and filed with this Court.

2. John Lupton, Erin Lynch, David DesRoches, and Deborah Gauthier ("Plaintiffs"), individually and on behalf of the putative Fair Labor Standards Act ("FLSA") collective class and Connecticut Minimum Wage Act ("CMWA") Rule 23 class, and Main Street Connect, LLC

d/b/a The Daily Voice, TriNet HR Corp., Carll Tucker and Jane Bryant Quinn.  (collectively "Defendants") (together the "Parties")  through their counsel of record, have reached an agreement to settle all claims in the Litigation.

3.      The Court conditionally finds that, solely for the purposes of preliminarily approving this Settlement and for no other purpose and with no other effect on the Litigation, including no effect on the Litigation should the Settlement Agreement not ultimately be approved, the members of the Class, collectively, meet each of the requirements for certification as a collective under 29 U.S.C. § 216(b) with respect to their FLSA claims and as a class under Fed. R. Civ. P. 23 with respect to their CMWA claims.  This certification solely for settlement purposes shall not be construed to be an admission or determination as to the certifiability of any class for any other purpose in this Litigation or otherwise.

4.      The Settlement Agreement (including without limitation the provisions for the payment of Individual Incentive Awards for Plaintiffs and for attorney's fees and costs) is within the range of reasonableness and meets the requirements for preliminary approval.

5.      The Court appoints Plaintiffs as the class representatives for the proposed Classes.

6.      The Court appoints Plaintiffs' counsel of record in this matter as Class Counsel and William G. Madsen as lead class counsel for the proposed Settlement Classes.

7.      The Court authorizes the Parties to retain Rust Consulting, Inc. as the Claims Administrator.

8.      The FLSA Opt-In Claim Form and Release of FLSA claims to be sent to members of the FLSA Class, which was provided by the Parties to the Court for review, is appropriate.

9.      The Court finds that the release language contained in the Settlement Agreement and in the Notice of Proposed Class Action Settlement ("Notice") is appropriate in that it limits

the claims the members of the Settlement Class are releasing to their claims under the New York

State Minimum Wage Act, Massachusetts Minimum Fair Wage Act and the FLSA during the

Recovery Period.

10.     The settlement and Settlement Agreement are preliminarily approved, and the

FLSA Class and the CMWA Rule 23 class are conditionally certified for settlement purposes

only.

11.     The Parties have also presented to the Court for review an Official Notice of Class

and Collective Action Settlement ("Notice") which they intend to mail to the Settlement Class at

their last known addresses.  The Notice is hereby approved because it is adequate and it fairly

apprises the Settlement Class members of the terms of the Settlement Agreement and of their

options.  In addition, the plan for sending the Notice as proposed by the Parties is practical under

the circumstances.

12.     The Notice will be delivered pursuant to the applicable provisions in the

Settlement Agreement.

13.     A fairness hearing shall be held before this Court on ___12/17/2013___, at

___2:00___ a.m./p.m. to consider whether the settlement should be given final approval by the Court,

taking into account that:

(a)     Written objections to the proposed settlement by Settlement Class members will

be considered, if filed with the Court by the deadline stated in the Settlement Agreement;

(b)     At the fairness hearing, Settlement Class members may be heard orally in support

of or in opposition to the proposed settlement provided that they filed with the Court a

timely written objection in advance;

(c)     Class Counsel and counsel for the Company should be prepared at the hearing to respond to objections filed by Settlement Class members (if any) and to provide other information as appropriate, bearing on whether or not the settlement should be approved.

14.     The Court, pursuant to and consistent with its authority under the All Writs Act, 28 U.S.C. § 1651(a), enjoins all Class members covered by the Settlement Agreement, from initiating, continuing, or proceeding with lawsuits asserting overtime wage claims, as defined in the Settlement Agreement, against Defendants on behalf of any class or collective of reporters who worked in excess of forty hours per week at any time during the Recovery Period until such time as final approval of the settlement is entered by the Court.

15.     In the event that the Settlement Agreement is given final approval, Plaintiffs and all Class members who sign and cash their Settlement checks will be deemed to have forever released and discharged the Released Claims as provided in the Settlement Agreement.  In the event that the Settlement Agreement is not given final approval and it does not become controlling, this Order and the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever in this Action or in any other litigation proceeding.

IT IS SO ORDERED.


Dated: _Aug. 28, 2013_            _/s/ Janet C. Hall_
                                  Honorable Janet C. Hall
                                  United States District Judge