UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ERIN LYNCH, DAVID DesROCHES, AND | : | CIVIL ACTION NO. |
| DEBORAH GAUTHIER, Individually and on | : | |
| behalf of all other similarly situated individuals, | : | 3:12-CV-00831 (JCH) |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| MAIN STREET CONNECT, LLC, D/B/A | : | |
| THE DAILY VOICE, TRINET HR CORP., | : | |
| CARLL TUCKER, and JANE BRYANT QUINN, | | |
| Defendants. | : | JANUARY 15, 2014 |

### APPLICATION FOR AWARD OF ATTORNEYS' FEES AND COSTS

I. **INTRODUCTION**

The named Plaintiffs, Erin Lynch, David DesRoches, and Deborah Gauthier, individually and on behalf of the class, hereby move for an order awarding attorneys' fees and costs in the amount of One Hundred Thirteen Thousand and Three Hundred Thirty-three Dollars and 33/100 cents ($113,333.33) and $5,279.65 in out-of-pocket costs and expenses directly related to the Action, pursuant to § 3-3 of the Settlement Agreement and Release which the Parties previously filed with the Court. (Docket No. 106-2.)

II. **DISCUSSION**

The Fair Labor Standards Act ("FLSA") provides that reasonable fees and costs should be awarded to a prevailing party. 29 U.S.C. § 216(b). A party is considered prevailing if he favorably settles his case. *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 707 (7th Cir. 2001).

In collective actions under the FLSA, the court has a duty to determine the reasonableness of the proposed attorneys' fees as part of the fairness determination. *See*, *e.g.*, *Strong v. BellSouth Telecommunications, Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998). Most settlements of collective actions involve a lump sum settlement with an amount to be deducted for attorneys' fees. *Id.* In such cases, it is necessary for the court to evaluate the overall fairness of the settlement and the benefit to the plaintiffs. *Id.*

### A.     *A Percentage Award Is Appropriate*

In class action lawsuits for the recovery of wages, "public policy favors [a common fund] award" of attorneys' fees. *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 189 (W.D.N.Y. 2005). Where relatively small claims can only be prosecuted through aggregate litigation, and the law relies on prosecution by "private attorneys general," attorneys must be adequately compensated for their efforts. If not, such abuses would go without remedy because attorneys would be unwilling to take on the risk. *Goldberger v. Integrated Res. Inc.*, 209 F.3d 43, 51 (2d Cir. 2000)

The Honorable Christopher F. Droney has noted that, "[t]he Second Circuit has expressed a preference for the percentage method of calculating attorneys' fees, noting that such an approach 'aligns the interests of the class and its counsel and provides a powerful incentive for the efficient prosecution and early resolution of litigation." *Collins v. Olin Corp.*, No. 3:03-cv-945 (CFD), at p.11 (D. Conn. Apr. 21, 2010) [1] (citing *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005)). As long as the requested attorneys' fees do not represent an unwarranted windfall, "we see no need to compel district courts to undertake the 'cumbersome, enervating, and often surrealistic process' of lodestar computation. " *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 49-50 (2d Cir. 2000) (citations omitted).

---

[1] Unpublished cases are attached hereto as Ex. 1.

To determine whether a requested percentage fee award is reasonable, the Court must analyze several factors: "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation . . .; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." *Goldberger*, 209 F.3d at 50 (quoting *In re Union Carbide Corp. Consumer Products Business Securities Litigation*, 724 F. Supp. 160, 163 (S.D.N.Y. 1989). Here, these factors support Plaintiffs' request of thirty-three point thirty three percent (33.33%) of the gross recovery

### B.  *The Requested Percentage Is Fair, Just And Reasonable*

Here, Plaintiffs' counsel request $113,333.33 (one third of $340,000.00) as compensation for fees in this matter. This requested fee is in line with percentages awarded by this Court in similar cases, and by other courts in the Second Circuit. *Alli v. Boston Mkt. Corp.*, No. 3:10-cv-00004-JCH, 2012 U.S. Dist. LEXIS 54695, at *9 (D. Conn. Apr. 17, 2012) (approving 33.33% of the Settlement Amount award of attorneys' fees equal to $999,900.00) (Ex. 1); *deMunecas v. Bold Food, LLC*, No. 09 Civ. 00440, 2010 U.S. Dist. LEXIS 87644, at *19 (S.D.N.Y. Aug. 23, 2010) (collecting cases and awarding 33% fee in $800,000 settlement) (Ex. 1). Accordingly, it is fair, just and reasonable under the factors set forth in *Goldberger, supra*; and it does not represent an unwarranted windfall to Counsel.

**i) Class Counsel's Time and Labor**

Regarding the first *Goldberger* factor, Plaintiffs' counsel spent significant effort to achieve this $340,000.00 settlement.

As shown by the Declarations of William G. Madsen, Esq., and Richard E. Hayber, Esq. with attached contemporaneous time records (Exhibits 2 and 3, respectively), Plaintiffs' counsel has spent 704.2 hours on this matter, as follows: Attorney William G. Madsen – 161.7 hours; Attorney Todd Steigman – 16.1 hours; Attorney Kera Paoff – 179.2 hours; Attorney Richard Hayber – 77.6 hours; Attorney Margaret Ferron – 59.4 hours; Attorney Erick I. Díaz Vázquez- 112.4 hours; Madsen, Prestley & Parenteau Firm Paralegals – 81.8  hours; and Hayber Law Firm Paralegals – 16  hours.

Plaintiffs' Counsel's lodestar total at each attorneys' or paralegals' respective hourly rate is $218,280. Thus, applying the lodestar method as a "cross check", Plaintiffs' Counsel in effect are getting less than their hourly rates. In fact, *Plaintiffs' Counsel are getting about fifty cents on the dollar of their regular hourly rates*.

**ii) Magnitude and Complexity of the Litigation**

The second *Goldberger* factor also weighs in favor of the requested one third of the recovery as attorneys' fees. This hybrid state law class action and federal FLSA collective action was complex. To illustrate, the Third Amended Complaint featured a total of thirteen different counts, including 29 U.S.C. §216(b) collective allegations, Rule 23 class action allegations of violations of Connecticut's and Massachusetts' wage laws, and breach of contract claims against a total of four different individual and corporate defendants. (Docket No. 96).  Further, on its September 2012 answer, Defendant MSC raised twenty-six different affirmative defenses. (Docket No. 45). Further, this lawsuit has been vigorously contested since Plaintiffs Lynch and DesRoches originally filed the lawsuit about eighteen months ago, in June 2012.

Among other things, Plaintiffs' Counsel had to engage in lengthy and, at times, contentious negotiations to resolve this matter, had to defeat defendant MSC's motion to dismiss on the grounds that Plaintiffs lacked standing because MSC was allegedly never Plaintiffs' employer, had to move to compel discovery of documents related to audits, investigations or studies by Defendant MSC relating to its compliance with state and federal wage and hour laws and its decision to classify reporters as exempt, and had to amend the complaint several times to add additional defendants based on joint employer theory of liability because Defendant MSC had threatened and eventually filed for bankruptcy protection. The foregoing is a summary of activities that Plaintiffs' Counsel engaged in during this litigation. It is not exhaustive because, among other things, Plaintiffs' Counsel also undertook other activities such as researching multiple issues of FLSA law and analogous state laws in connection with the issues presented in the case and doing extensive damage calculations.

Furthermore, this case was further complicated by the fact that, on May 7, 2013, Defendant MSC commenced bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of New York, Case No. 13-22729 (RDD), the effect of which could substantially reduce the opportunity for Plaintiffs and the putative Class to collect a meaningful recovery in this matter.

Moreover, the settlement discussions were intense and challenging. The parties attended a one-day mediation in March 2013 before Attorney Albert Zakarian, a greatly respected mediator with extensive experience in class action settlements, during which the parties did not reach a settlement. Indeed, it took several months of continued negotiations, or until June 2013 for the parties to reach a tentative settlement.

### iii) Risks of Litigation

Given the complexities of this case involving alleged violations of the FLSA and wage laws from several states, the third *Goldberger* factor is also satisfied.

The litigation risks are an important factor in determining a fee award. Indeed, "the Second Circuit also noted that it has historically labeled the risk of success as 'perhaps the foremost' factor to be considered" in determining a fee's reasonableness using a lodestar enhancement. *In re Fine Host Sec. Litig.*, MDL Docket No. 1241, Master Docket NO. 3:97-CV-2619 (JCH), 2000 U.S. Dist. LEXIS 19367, at *15 (D. Conn. Nov. 8, 2000) (internal quotations omitted) (Ex. 1). Plaintiffs' counsel's uncertainty that they will obtain an ultimate recovery is highly relevant in determining the reasonableness of an award. *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 470 (2d Cir. 1974) *abrogated on other grounds by Goldberger*, 209 F.3d 43. "[D]espite the most rigorous and competent of efforts, success is never guaranteed." *Grinnell Corp.*, at 471.

Here, Plaintiffs' Counsel agreed to take this matter on a contingency basis.  This case was difficult and Plaintiffs' Counsel took a substantial risk in pursuing this case. Indeed, it is becoming increasingly difficult to certify classes for FLSA misclassification cases.  *See, e.g., Postiglione v. Crossmark, Inc.*, No. 11-960, 2012 U.S. Dist. LEXIS 163615 (E.D. Pa. Nov. 14, 2012) (denying 29 U.S.C. § 216(b) motion to certify class) (Ex. 1).

Additionally, had the case gone to trial, Plaintiffs would have had to prove that they were misclassified as exempt from overtime, and introduce evidence of the hours they worked even though there are no accurate time records. Such a trial would have involved a fact-intensive inquiry into the duties they performed and the time they worked. Such claims would have been disputed by Defendant's witnesses, giving rise to credibility issues and significant risk at trial. *See, e.g.*, *Brunson v. The City of New York*, Nos. 94 Civ. 4507, 94 Civ. 5632, 2000 U.S. Dist. LEXIS 18434, at *13 (S.D.N.Y. Dec. 21, 2000) (where class counsel "faced significant obstacles in the lack of reliable means of verifying hours worked and tasks performed by individual plaintiffs," class counsel was entitled to a 50% premium for their achievement of a settlement).

In fact, relatively recent misclassification cases which have gone to trial have both resulted in defense verdicts: *Perkins v. Southern New England Telephone Co Inc.,* No. 3:07-00967, Docket No. 578 (D. Conn. Oct. 24, 2011) (collective action defense verdict); *Henry v. Quicken Loans, Inc.*, Case No. 2:04-cv-40346-SJM-MJH (E.D. Mich. March 17, 2011) (collective action defense verdict). Moreover, that Defendant MSC commenced bankruptcy proceedings made it very risky for Plaintiffs' lawyers to proceed to trial with the case because the main defendant could be rendered virtually judgment proof through bankruptcy, and recovering against the other three named plaintiffs depended on establishing their joint employer status, which was not guaranteed.

Accordingly, the third *Goldberger* factor favors a one third percentage award.

### iv) Quality of Representation

The fourth factor is the quality of representation. Counsel submit that they have achieved a good result which adequately compensates the class for their claims under the FLSA, in light of the complexities of the case. Through zealous advocacy and being able to join additional defendants to the case-some of which contributed to the settlement fund- Plaintiffs' Counsel found a way to recover funds for the class and collective plaintiffs despite Defendant MSC filing bankruptcy. What is more, should this Court ultimately approve the settlement, the plaintiffs will recover funds without the uncertainty and delay of trial and appeals. Moreover, Plaintiffs' Counsel are experienced in the field of wage and hour law, and have litigated against similarly experienced counsel for the defense. *See* Exhibits 2 and 3.

Furthermore, the plaintiffs' will recover what in light of Defendant MSC's bankruptcy filing is a reasonable amount as the average recovery for the 63 plaintiffs who will participate in the settlement- after deducting attorneys' fees and incentive awards- is about $3,077 per plaintiff ( [$340,000.00 - $113,333.33 (attorney fees) – $5,279.65 (costs[2]) - $10,000 (administrator's fees) – $17,500 (incentive awards)] ($193,887.02/63 participating plaintiffs). *Compare*, *e.g.*, *deMunecas*, No. 09 Civ. 00440, 2010 U.S. Dist. LEXIS 87644 (average recovery per plaintiff was $1,419.09 after subtracting attorneys' fees, costs, incentive awards, and retaliation recovery for one plaintiff from $800,000 settlement fund and dividing by about 341 class members.) Thus, the quality of representation factor favors a one third award of attorneys' fees plus costs.

---

[2] $5,279.65 in costs is the addition of the $2,555.68 in costs incurred by the Hayber Law Firm (*see* Ex. 3, at ¶ 17) plus the $2,723.97 in costs incurred by Madsen, Prestley & Parenteau, LLC. *See* Declaration of William G. Madsen, Esq., regarding costs, attached hereto as Ex. 4, at ¶ 3.

### v) Fee in Relation to the Settlement

Regarding the fifth *Goldberger* factor, the fee is reasonable in relation to the settlement. Worth noting, pursuant to the fee agreement with the named Plaintiffs, Counsel are entitled to reimbursement of all costs advanced plus one-third of the gross value of the settlement fund after costs have been reimbursed. Defendant has agreed to this allocation. *See* Settlement Agreement and Release, § 3-3. (Docket No. 106-2.) Moreover, the Court-approved notice which was mailed out to the Plaintiffs made it clear that the attorneys would seek a one third recovery as attorneys' fees, and informed them of the December 17, 2013 hearing where they could appear to object if they wished. Collective and Class Plaintiffs implicitly approved of the one third fees because no class member objected at the fairness hearing, and as December 16, 2013 the Administrator of the settlement had not received any objections to the settlement. *See* Ex. 5 (Declaration of Amanda Myette, at ¶ 13.)

Indeed, a one third attorneys' fees award is reasonable and in line with other attorneys' fees awards issued by this Court. In 2012, this Court approved an award of 33% of the gross value of the settlement to plaintiffs' counsel in *Boston Mkt. Corp.*, No. 3:10-cv-00004-JCH 2012 U.S. Dist. LEXIS 54695 (approving 33.33% of the Settlement Amount award of attorneys' fees equal to $999,900.00). *See also Collins*, No. 3:03-cv-945 (CFD), *supra*, (non-FLSA case) (approving award of one-third attorney's fees in the amount of $463,833.33) A one-third attorneys' fee award here is also consistent with awards by other judges within this Circuit. *See deMunecas*, No. 09 Civ. 00440, 2010 U.S. Dist. LEXIS 87644 (collecting cases and awarding 33% fee in $800,000 settlement).

9

### vi) Public Policy Considerations

Finally, public policy considerations justify the requested one third percentage attorneys' fees' award. In rendering awards of attorneys' fees, "the Second Circuit and courts in this district also have taken into account the social and economic value of class actions, and the need to encourage experienced and able counsel to undertake such litigation." *See In re Sumitomo Copper Litig.*, 74 F. Supp. 2d 393, 398 (S.D.N.Y. 1999)(citations omitted); *see also Dupler v. Costco*, 705 F. Supp. 2d 231, 244 (E.D.N.Y. 2010) ("the proposed fee award properly balances the policy goal of encouraging counsel to pursue meritorious actions while protecting against excessive fees"). Worth emphasis, the FLSA and the state laws are remedial statutes designed to protect the wages of workers. *See A.H. Phillips v. Walling*, 324 U.S. 490, 493 (1945) (recognizing the FLSA's objective, which is ensuring that every employee receives "a fair day's pay for a fair day's work").

Congress has created a statutory entitlement to attorneys' fees for prevailing FLSA plaintiffs "to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances." *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994). As noted by Judge Droney in *Collins*, "[c]ontingent fee arrangements will encourage other attorneys to accept and prosecute cases on behalf of individuals who have sustained injuries similar to those of the plaintiffs in this case." *Collins*, No. 3:03-cv-945 (CFD), 2010 WL 167764, at *6. Here, public policy considerations weigh strongly in favor of awarding Plaintiffs' Counsel one third of the Settlement Fund. Such award will encourage the prosecution of similar FLSA wage claims, which will further the important public policy goal of ensuring that workers receive fair day's pay for a fair day's work.

### III.  CONCLUSION

The attorneys' fees and costs sought in this case are fair, reasonable and in line with precedent in this Circuit.  The attorneys' fees requested reward Plaintiffs' Counsel for the risks they took, the hard work they did, and the result they obtained. The settlement was reached after extensive arm's length negotiations, including a grueling one-day mediation session followed by months of continued settlement discussions.  The settlement resolves *bona fide* disputes under the Fair Labor Standards Act, Connecticut Minimum Wage Act, and Massachusetts Minimum Fair Wage Law, represents an adequate and reasonable compromise of these disputes, and is not the product of collusion.  The amount of attorneys' fees was agreed upon as per Plaintiffs' counsel's fee agreement with the named Plaintiffs, and was ratified by all Parties as part of the settlement negotiations.  Accordingly, the undersigned respectfully submits that the instant application for attorneys' fees and costs should be approved.

        PLAINTIFFS ERIN LYNCH, DAVID DesROCHES,
AND DEBORAH GAUTHIER INDIVIDUALLY
AND ON BEHALF OF ALL OTHER SIMILARLY
SITUATED INDIVIDUALS

By:    */s/ Richard E. Hayber*
       Richard E. Hayber
       The Hayber Law Firm, LLC
       221 Main Street, Suite 502
       Hartford, CT 06106
       Fed No.: ct11629
       (860) 522-8888
       (860) 218-9555 (facsimile)
       rhayber@hayberlawfirm.com
       Attorney for the Plaintiffs

**CERTIFICATE OF SERVICE**

      I hereby certify that on **January 15, 2014**, a copy of the instant **Application for Attorneys' Fees and Costs** was filed electronically [and service made by mail to anyone unable to accept electronic filing]. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system [or by mail for anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

                                     /s/*Richard E. Hayber*
                                     Richard E. Hayber