# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ERIN LYNCH, DAVID DesROCHES, AND DEBORAH GAUTHIER, Individually and on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>MAIN STREET CONNECT, LLC D/B/A THE DAILY VOICE, TRINET HR CORP., CARLL TUCKER, and JANE BRYANT QUINN,<br><br>Defendants. | Civil Action No.: 3:12-CV-00831 (JCH)<br><br><br>_____ \_\_, 2014 |

## PROPOSED ORDER GRANTING FINAL SETTLEMENT APPROVAL

The Plaintiffs have moved on consent for an order granting final settlement approval of the above-captioned Fair Labor Standards Act ("FLSA") collective action and Rule 23 Connecticut Minimum Wage Act ("CMWA") Class. Consequently, the Court considered the Settlement Agreement and Release previously filed with the Court (Docket No. 106-2), the memorandum of law in support of the parties' joint motion for preliminary approval of the proposed settlement (Docket No. 106-1) along with the submissions attached thereto, oral argument at the December 17, 2013 fairness hearing, and all other papers filed in this action. The matter having been submitted and good cause having been established therefore:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. John Lupton, Erin Lynch, David DesRoches, and Deborah Gauthier ("Plaintiffs"), individually and on behalf of the putative Fair Labor Standards Act ("FLSA") collective class and Connecticut Minimum Wage Act ("CMWA") Rule 23 class, and Main Street Connect, LLC d/b/a The Daily Voice, TriNet HR Corp., Carll Tucker and Jane Bryant Quinn. (collectively "Defendants") (together the "Parties") through their counsel of record, have reached a Settlement Agreement and Release to settle all claims in the Litigation;

2. This Court has jurisdiction over the subject matter of this Litigation and all matters relating thereto, and over all Parties;

3. All defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement and Release executed by the Parties and filed with this Court;

4. The Court finds that, solely for the purposes of approving this Settlement and for no other purpose, the members of the Class, collectively, meet all of the requirements for certification as a collective under 29 U.S.C. § 216(b) with respect to their FLSA claims and as a class under Fed. R. Civ. P. 23 with respect to their CMWA claims. This certification is solely for settlement purposes and shall not be construed to be an admission or determination as to the certifiability of any class for any other purpose in this Litigation or otherwise;

5. The Settlement Agreement and Release (including without limitation the provisions for the payment of Individual Incentive Awards for Plaintiffs and for attorney's fees and costs) is fair, reasonable, and adequate in all respects and meets the requirements for final approval. The Court specifically finds that the settlement is rationally related to the strength and weaknesses of this case given the risk, expense, complexity, and duration of further litigation. This Court also finds that the Settlement Agreement and Release is the result of arms-length negotiations between experienced counsel representing the interests of the Plaintiffs and Defendants, after adequate factual and legal investigation;

6. The Court confirms as final the appointment of David DesRoches, Erin Lynch, John Lupton and Deborah Gauthier as the class representatives for the proposed Classes;

7. Service payments are approved as follows: David DesRoches and Erin Lynch will be paid $7,500.00 each, and $1,250 will be paid to John Lupton and Deborah Gauthier each (for a total of $ 17,500) to be paid from the Settlement Amount. These payments are to compensate them for their efforts in this case, including the burden of assisting in the litigation and participating in discovery, as well as the risks associated with bringing this action publicly;

8. The Court confirms as final the appointment of Plaintiffs' counsel of record in this matter as Class Counsel, and William G. Madsen as lead class counsel for the Settlement Classes;

9. An award of attorneys' fees equal to One Hundred Thirteen Thousand and Three Hundred Thirty-three Dollars and 33/100 cents ($113,333.33), which is one third of the Settlement Payment, plus reimbursement of reasonable litigation costs of $5,279.65 is approved. Such award is reasonable in light of the effort expended and risks undertaken by Class Counsel, and the result of such efforts including the ultimate recovery obtained;

10. The Class Notice procedure described in the Settlement Agreement and Release was followed in all material respects by the Class Administrator and it constituted the best notice practicable under the circumstances. Said Class Notice procedure fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law;

11. Having been no objections to the proposed settlement by the Settlement Class members, the settlement and Settlement Agreement and Release are given final approval, and the FLSA Class and the CMWA Rule 23 class are hereby certified for settlement purposes only;

12. Plaintiffs and all Class members who sign and cash their Settlement checks will be deemed to have forever released and discharged the Released Claims as provided in the Settlement Agreement;

13. This Court retains jurisdiction over this matter for purposes of resolving any issues relating to the administration, implementation, and enforcement of the Settlement Agreement and Release;

14. If for any reason, this Order and the final judgment entered concurrently herewith do not achieve an Effective Date of the Final Approval, this Order, shall be vacated and the Parties shall return to their respective positions in this lawsuit as those positions were immediately before the parties executed the settlement agreement, and nothing stated in the settlement agreement or any other papers filed with this Court in connection with the settlement approval process shall be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

IT IS SO ORDERED.

Dated:_____          _____
                                 Honorable Janet C. Hall
                                 United States District Judge